1
2
3
4    UNITED STATES DISTRICT COURT
5    EASTERN DISTRICT OF WASHINGTON
6  UNITED STATES OF AMERICA,
7                  Plaintiff,                No.   4:14-CR-6034-WFN-1
8       -vs-                                 PRELIMINARY ORDER
                                             OF FORFEITURE
9  JOSHUA NICHOLAS HIGGINS,
10                 Defendant.

11

12    IT IS HEREBY **ORDERED** THAT:

13    As the result of the Defendant's guilty plea to Count 1 of the Information, charging
14 Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a, for
15 which the United States sought forfeiture of assets pursuant to 18 U.S.C. § 2253,
16 Defendant, **JOSHUA NICHOLAS HIGGINS**, shall forfeit to the United States any
17 property, real or personal, used or intended to be used to commit or promote the
18 commission of such offense or any property traceable to such property.

19    The Court has determined, based upon the Defendant's Plea Agreement, that the
20 following assets are subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the United
21 States has established the requisite nexus between such assets described below, and such
22 offense(s):

23    a.  Black LG 3.0 cellular phone;
24    b.  External hard drive;
25    c.  Toshiba Laptop 4D243947HQ;
26    d.  MIFI Hot Spot Jet Pack 4G LTE;
27    e.  Micro SD Card;
28    f.  PS2 & PS3 with external cords;

PRELIMINARY ORDER
OF FORFEITURE - 1

    g.  CD case with miscellaneous CDs;

    h.  Tom Tom device;

    i.  Samsung cell phone (KPD CD5) with charger; and

    j.  Apple 8GB I-Pod with charger;

seized by the Kennewick Police Department between on or about August 1, 2013 and August 7, 2013.

Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above-listed assets subject to forfeiture, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with 21 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 2253, the United States will post notice of this order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified.

Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within sixty(60) days of the first posting of notice, or within 30 days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above-listed property, and for an amendment of the order of forfeiture, pursuant to Rule G(5), as incorporated by 21 U.S.C. § 853(n) and 18 U.S.C. § 2253.

PRELIMINARY ORDER
OF FORFEITURE - 2

Any petition filed by a third party asserting an interest in the above-listed property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said property, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Rule G(5), as incorporated by 21 U.S.C. § 853(n)(2) and 18 U.S.C. § 2253, for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** United States Probation Officer Sean Carter.

**DATED** this 18th day of November, 2014.

11-18-14

                                s/ Wm. Fremming Nielsen
                               WM. FREMMING NIELSEN
              SENIOR UNITED STATES DISTRICT JUDGE