FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>JOSHUA NICHOLAS HIGGINS,<br><br>Defendant. | No.   2:14-CR-6034-WFN-1<br><br>ORDER |

    Pending before the Court is Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Upon review, Defendant's request for compassionate release is denied. Compassionate release allows early release of a defendant if they meet the conditions set out in the statute. For a defendant to file a motion for compassionate release, first he must exhaust their claim with the Bureau of Prisons. To exhaust his claim, Defendant must make his request for compassionate release through the Bureau of Prisons. If denied, he must follow the appellate procedure set out by the Bureau of Prisons. If after 30 days the Bureau of Prisons does not file a claim on his behalf or otherwise respond to his request, then he can directly petition the Court. Defendant represents that he made a request that was denied. He indicates that he appealed the decision, but the Warden did not respond within 30 days. Accepting Defendant's representation as true, the Court turns to whether Defendant is eligible for compassionate release.

    Mr. Higgins must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)" 18 U.S.C.

ORDER - 1

§ 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction. Defendant has not demonstrated extraordinary or compelling reasons to warrant reduction. Defendant argues that (1) his family needs him, including a very ill sister, (2) he is incarcerated in a hot spot for COVID-19, and (3) he suffers from heart arrythmia and limited lung capacity increasing his risk of complications were he to contract COVID-19. The Court recognizes that family members suffer when a person is incarcerated, but unfortunately this does not justify early release. The Court further recognizes that the pandemic has disproportionately affected Bureau of Prisons facilities, putting prisoners at risk of contracting the disease. Sadly, this is a widespread issue, so does not represent an extraordinary reason. The pandemic continues to worsen outside the prison system as well. Lastly, because Defendant presented no evidence that his health issues increase his risk of death if he were to become infected. Consequently, the Court cannot conclude that Defendant has presented extraordinary or compelling reasons for release. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), filed June 1, 2020, **ECF No. 53**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel and *pro se* Defendant.

**DATED** this 1st day of July, 2020.

06-26-20

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2